Charles MEKKAM,
*Respondent,*

*v.*

# OREGON HEALTH SCIENCES UNIVERSITY
and Douglas McDonald,
*Appellants.*

(9103-01566; CA A75085)

888 P2d 1093

Jas. Adams, Assistant Attorney General, argued the cause for appellants. With him on the brief were Charles S. Crookham and Theodore R. Kulongoski, Attorneys General, and Virginia L. Linder, Solicitor General.

Richard C. Busse argued the cause for respondent. With him on the brief was Scott N. Hunt.

Before Richardson, Chief Judge,* and De Muniz and Leeson, Judges.

De MUNIZ, J.

---

* Richardson, C. J., *vice* Rossman, P. J., retired.

## De MUNIZ, J.

This appeal is before us on remand from the Oregon Supreme Court. *Mekkam v. Oregon Health Sciences Univ.*, 319 Or 623, 879 P2d 180 (1994). Plaintiff sued defendant Oregon Health Sciences University (OHSU) under 42 USC § 1981 (section 1981 claim) and for common law wrongful discharge. He also sued his supervisor, defendant McDonald, alleging that McDonald intentionally interfered with an employment contract between OHSU and plaintiff for the improper purpose of racial discrimination. The trial court denied defendants' motions for directed verdicts on plaintiff's claims. The jury found for plaintiff on each of his claims and awarded him general and punitive damages.

Defendants appealed. In our opinion, we concluded that the conduct alleged by plaintiff was not actionable on a failure to promote theory under the 1988 version of 42 USC § 1981,[1] because plaintiff was not denied a right to form a contract or enforce a contractual obligation. *See Mekkam v. Oregon Health Sciences Univ.*, 126 Or App 484, 489, 869 P2d 363 (1994). However, we concluded that section 101 of the Civil Rights Act of 1991, which enlarged the category of conduct that is subject to liability under section 1981, applied retroactively.[2] 126 Or App at 489. Consequently, we held that the trial court did not err in denying OHSU's motion for a directed verdict on plaintiff's section 1981 claim. We also held that the trial court erred in denying OHSU's motion for a directed verdict on plaintiff's wrongful discharge claim, because plaintiff failed to prove that he was discharged. 126 Or App at 493. Finally, we held that the trial court did not err

---

[1] 42 USC § 1981 (1988) provided:

"All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

[2] Section 101 of the Civil Rights Act of 1991, Pub L No 102-166, § 101, 105 Stat 1071, 1072 (1991), added the following language to section 1981:

"(b) For purposes of this section, the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

in denying McDonald's motion for a directed verdict on plaintiff's intentional interference with contract claim, because evidence of both improper and proper motives created a question for the trier of fact to decide. 126 Or App at 493.

After we issued our opinion and plaintiff had petitioned for review by the Oregon Supreme Court, the United States Supreme Court decided that section 101 of the Civil Rights Act of 1991 does not apply retroactively. *See Rivers v. Roadway Express, Inc.*, 511 US ____, 114 S Ct 1510, 128 L Ed 2d 274 (1994). The Oregon Supreme Court then vacated our decision and remanded for further consideration in the light of that holding.

On remand, we do not reconsider the merits of the parties' arguments concerning the wrongful discharge and intentional interference with contract claims. We expressly adopt and incorporate in this opinion the analysis of those issues that was included in our original opinion. *See Mekkam v. Oregon Health Sciences Univ., supra*, 126 Or App at 492-93. We also adopt and incorporate into this opinion our analysis and conclusions concerning plaintiff's failure to promote theory. *See* 126 Or App at 489-92.

Because section 101 of the Civil Rights Act of 1991 does not apply retroactively, and all of the alleged discriminatory conduct occurred before the effective date of that act, we now conclude that plaintiff could not recover under 42 USC § 1981 (1988). Accordingly, the trial court erred in denying OHSU's motion for a directed verdict on plaintiff's section 1981 claim.

Judgment against Oregon Health Sciences University reversed; judgment against McDonald affirmed.